192 P.2d 311

**STOUT et al. v. BARTLETT.**

No. 5085.

Supreme Court of New Mexico.

April 8, 1948.

Harris, Williams & Johnson, of Hobbs, for appellant.

Brand & Rose, of Hobbs, for appellees.

McGHEE, Justice.

The appellees, plaintiffs below, are real estate agents in Hobbs, New Mexico, and were awarded judgment against the appellant for their services in effecting a sale of properties owned by him in that city. The case was tried to a jury and we will hereafter refer to the parties as they appear in the trial court.

The defendant has made three assignments of error, the first of which reads:

"That the Plaintiffs, having pleaded a general listing of the properties with them by Defendant and that they procured a purchaser and that Defendant sold to the purchaser procured by them and the Defendant having admitted such general listing, but specifically denying procurement of the purchaser by the Plaintiffs or that Defendant sold to a purchaser procured by the Plaintiffs, the Court committed error in denying the Defendant the right to show on the trial of said cause that he had already contacted said purchaser long prior to such listing and was still negotiating with such purchaser at the time of such listings

and that such negotiations had never been terminated."

The record shows that the defendant was allowed to freely introduce evidence that prior to the listing he and the ·purchaser had negotiated for the sale of the properties and that such negotiations had not been broken off at any time. The plaintiffs admitted the prior negotiations but introduced evidence to the effect that the defendant and W. P. Clark, who finally purchased the properties, had broken off all negotiations and that they again interested Clark and were the procuring cause of the sale, although they were not present when the deal was closed. It was on such issues that the case was submitted to the jury under proper instructions, and a verdict returned for the plaintiffs. This assignment is without merit.

The second assignment of error reads:

"That the Court erred in refusing to instruct the Jury to return a verdict for the Defendant for the reason there was not sufficient evidence to show that the Plaintiffs introduced the purchaser to the Defendant in the first instance and that said evidence failed to show that the negotiations had between the purchaser and the Defendant, prior to the time that the property was listed for sale with the Plaintiffs, had been terminated and that the plaintiffs were the efficient· and procuring cause of reinstating such negotiations and that the

Plaintiffs' evidence conclusively showed only an attempt on their part to appropriate as their own a purchaser with whom the Defendant had already been negotiating for the sale of said property prior to the time that the property was listed for sale with them."

■ There is a sharp conflict in the evidence as to the matters raised by the motions for a directed verdict, and as the plaintiffs' evidence on this point was substantial the trial court properly denied the motions. This assignment is likewise without merit.

■ The third assignment of error is based on the plaintiffs' attorney asking the defendant what business he had been engaged in and his answer "Dr. Pepper Bottling Company," by reason of·the fact that the defendant had received adverse publicity because of certain illegal sugar transactions. The question was proper, was not objected to and there is not even an intimation that the plaintiffs were in any way responsible for such illegal transactions or the resulting publicity. This assignment is likewise without merit.

The case was fairly submitted to the jury and there is substantial evidence to support the verdict. The judgment will, therefore, be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.